FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y. D1F
★ JAN 25 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

SHARMAINE EDWARDS,

                Plaintiff,

-against-

THE CITY OF NEW YORK; NEW YORK
POLICE DEPARTMENT; FEMALE POLICE
OFFICER WHO WROTE TICKET; THE STATE
OF NEW YORK CRIMINAL SUPREME
COURT; MANHATTAN DA'S OFFICE,

                Defendants.
-----------------------------------------------------------x

NOT FOR ELECTRONIC
OR PRINT PUBLICATION

MEMORANDUM
AND ORDER

12-CV-277 (ARR)

ROSS, United States District Judge:

      Plaintiff Sharmaine Edwards, filed this *pro se* action alleging false arrest and malicious prosecution on January 13, 2012. For the reasons discussed below, plaintiff is granted thirty (30) days leave to file an amended complaint.

## Background

Plaintiff's complaint in its entirety states:

> October 17, 2011 I called the Police because I was threatened[.] I told the operator the female said she was going to stab me with a knife, and I was arrested, taken to the 79 Prct. Ticket and went to court prosecuted without any attorney not only myself but most of the people that was in courtroom # 3 (three). We were lined up went into courtroom no attorney.

Compl. at III. Plaintiff seeks monetary damages.

## Standard of Review

      Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim

on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy"; or (2) "the claim is 'based on an indisputably meritless legal theory.'" Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949–50 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it raising the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008).

## Discussion

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, plaintiff must provide a short, plain statement of claim against each defendant named so that they have adequate notice of the claims against them. Iqbal, 129 S.Ct at 1949 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. Id. (internal citations and alterations omitted). Plaintiff must provide facts sufficient to allow each defendant to have a fair

understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery. See Twombly v. Bell, 425 F.3d 99, 106 (2d Cir. 2005) (defining "fair notice" as " 'that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so that it may be assigned the proper form of trial.' ") (quoting Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995)).

### Leave to Amend

Here, plaintiff's claim is unclear. Accordingly, in light of this Court's duty to liberally construe *pro se* complaints, plaintiff is given thirty (30) days leave to file an amended complaint. Cruz v. Gomez, 202 F.3d 593 (2d Cir. 2000). Plaintiff is directed that her amended complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure. Should plaintiff elect to file an amended complaint she must name as proper defendants those individuals who have some personal involvement in the actions she alleges in the amended complaint. Even if plaintiff does not know the names of the individuals, she may identify each of them as John Doe or Jane Doe. To the best of her ability, plaintiff must describe each individual and the role he or she played in the alleged deprivation of his rights. In addition, she must set forth the factual allegations to support her claim against each named defendant, the dates and locations of all relevant events and the relief she is seeking.

Moreover, plaintiff must name proper parties. Plaintiff is informed that a municipality, such as New York City, may be held liable only if a plaintiff can show that a municipal policy or custom caused the deprivation of his or her constitutional rights. See Monell v. Dept. of Soc. Servs., 436 U.S. 658, 690-91 (1978). Furthermore, the Eleventh Amendment bars federal court claims against states, absent their consent to such suit or an express statutory waiver of

3

immunity. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989); Pennhurst State School & Hospital, 465 U.S. 89, 98-100 (1984). In addition, the New York City Police Department and the Supreme Court are not suable entities. See, e.g., Jenkins v. City of New York, 478 F.3d 76, 93 n.19 (2d Cir. 2007) (New York City Police Department not a suable entity); Gollomp v. Spitzer, 568 F.3d 355, 368 (2d Cir. 2009) (the New York State Unified Court System is entitled to sovereign immunity as an arm of the State); Madden v. Vermont Supreme Court, 8 Fed. Appx. 128, 129 (2d Cir. 2001) (affirming dismissal of *pro se* plaintiff's claim against the state Supreme Court as barred by the Eleventh Amendment). Finally, it is unclear why plaintiff names the Manhattan District Attorneys Office as a defendant when she alleges that her arrest and presumably her prosecution occurred in Brooklyn.

## **Conclusion**

Plaintiff is hereby granted thirty (30) days from the date of this order to submit an amended complaint. The amended complaint must be captioned as an "Amended Complaint," and bear the same docket number as this Order. No summons shall issue at this time and all further proceedings shall be stayed for 30 days. If plaintiff fails to amend her complaint within 30 days as directed by this order, the Court shall dismiss this complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/Signed by Judge Ross/

_____
Allyne R. Ross
United States District Judge

Dated: January 25, 2012
Brooklyn, New York

SERVICE LIST:

**Plaintiff:**

Sharmaine Edwards
756 Brady Avenue
Bronx, NY 10462